**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM R. DAVIES,**

    **Plaintiff,**

vs.                                                                 Case No. 4:07cv524-RH/WCS

**SUSAN L. SMITH, and
ROBERT R. WHEELER,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 7. The amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff is currently serving a Florida sentence of life imprisonment without parole for a minimum term of 25 years. Plaintiff wants to serve the remainder of his sentence in his native country of Canada. Doc. 7. His transfer requests have been made pursuant to the Transfer of Sentenced Persons, 18 U.S.C. § 4100, *et seq*. *Id.* Plaintiff alleges that Defendant Wheeler, the Assistant General Counsel to Florida Governor Charlie Crist, has denied the request for a transfer submitted by the Canadian government, and has imposed a 5-year restriction on Plaintiff before a transfer request

may be submitted again.  *Id.*  Plaintiff also complains that Defendant Smith, a state official from the Governor's Office who coordinates international prisoner transfers, has deliberately disregarded his constitutional rights and sections 1 and 5 of the Convention on the Transfer of Sentenced Persons.  *Id.*, at 11.

Plaintiff alleges that he first requested a transfer in 1991, which was denied in 1992.  Thereafter, he was able to submit a second request for a transfer in 1995.  Doc. 7.  Apparently, that request was lost or misplaced, and Canadian authorities re-submitted a second transfer request on Plaintiff's behalf on February 6, 2003.  *Id.*  That request was denied on September 29, 2003, by the Governor's designee (not a Defendant in this case), a designation made pursuant to FLA. STAT. § 944.596.  Plaintiff was advised that his next "opportunity to reapply would be available in three years."  *Id.*, at 5.[1]

Prior to Plaintiff beginning the process again for the third time in 2006, he sent "an information inquiry to" the official who had previously denied the transfer request, Ms. Berger.  Doc. 7.  Defendant Smith responded on behalf of Ms. Berger and provided Plaintiff with what he has characterized as "an evasive and frivolous response."  *Id.*, at 5.

Plaintiff then began requesting information from prison officials concerning an international prison transfer.  Doc. 7.  Plaintiff contends that he was advised to contact Defendant Smith, the International Prisoner Transfer Coordinator, for the Office of the

---

[1] A copy of the letter of denial has been provided by Plaintiff.  Doc. 7, Ex. B.  It states only that "the transfer of William Davies' Florida prison sentence to Canada under the treaty between the United States and Canada for the Transfer of Prison Sentences" was "denied."  *Id.*  No basis for the denial was presented, and it merely concludes with an advisement that Plaintiff "has the opportunity to reapply in three years."  *Id.*

Governor. *Id.* This Defendant, Plaintiff alleges, never responds to Plaintiff's requests for information.[2] *Id.*

Plaintiff brought suit in 2005[3] in state court, petitioning for "a declaratory judgment, seeking a judicial interpretation of Fla. Stat. 944.596 and challenged the validity of Fla. Stat. 921.011(4)(a)(2). Doc. 7, p. 6. Plaintiff also submitted a public records request to the Governor's Office for "information regarding an international transfer." *Id.* Plaintiff was not satisfied with the information provided by Defendant Smith as to his records request, and has alleged receiving "misleading and false" information. *Id.*, at 7. The state court petition was dismissed on September 2, 2005. *Id.*

On September 13, 2006, Plaintiff sent a "formal letter requesting reconsideration for an international prison transfer" to Defendant Smith. *Id.* Plaintiff alleged receiving no response from Defendant Smith. *Id.* As a result, Plaintiff again made a public records request on April 9, 2007. *Id.* Plaintiff does not indicate what happened in response to this request.

In February, 2007, Plaintiff again requested information from prison officials in the law library at his institution (who are not Defendants in this case) concerning policies that govern an international prison transfer. Doc. 7, p. 7. The response advised that the law library had no information on that topic and suggested Plaintiff contact the

---

[2] Plaintiff was, however, provided some information from the Department of Justice on or about January 11, 2005. Doc. 7, Ex. M.

[3] It is noted that during May of 2005, at least, Plaintiff was being represented by an attorney from Canada in "seeking his transfer to a Canadian penitentiary." Doc. 7, Ex. H.

classification department.  *Id.*  Plaintiff submitted another inmate request for information about an international prison transfer in April, 2007, but the response stated: "Will have to search out yourself, unable to assist with this issue."  *Id.*[4]  In May, 2007, began Plaintiff filing grievances about the "unavailability of information concerning an international prison transfer" and he was directed to write to Defendant Smith.  *Id.*, at 8.  At another point in the grievance process, Plaintiff alleged that he was given "a deceptive and frivolous response" in the denial of his grievance.  *Id.*, at 9.  Plaintiff contends that Mr. Bennett, the classification supervisor at Baker Correctional Institution who responded to at least one of Plaintiff's grievances, told Plaintiff that "[t]he Governor says you'll never be transferred."  Doc. 7, p. 10.  Mr. Bennett went on to state, "You have someone in the Governor's Office very pissed off at you."  *Id.*

   Plaintiff alleges that he filed a petition for writ of mandamus in state court in May of 2007.  Doc. 7, p. 8.  Plaintiff contends his petition "was refused a case number."  *Id.*, at 9.  Plaintiff resubmitted the petition for writ of mandamus, which was returned to him for a second time.  *Id.*  Plaintiff explained that his petition "sought an order that would compel [Defendant] Smith to provide information regarding an international prison transfer request."  *Id.*

   Plaintiff contends that on August 28, 2007, Defendant Wheeler, Assistant General Counsel to Governor Christ, denied Plaintiff's request for a transfer.  Doc. 7, p. 10.  In doing so, Defendant Wheeler imposed a 5-year limitation before Plaintiff could again request a transfer.  *Id.*  Plaintiff reports writing to Defendant Wheeler and

---

   [4] Plaintiff notes that he received information concerning international transfer requests from the United States Department of Justice in January of 2005.  Doc. 7, p. 8.

requesting "the reason for imposition of a 5-year sanction." *Id.* Defendant Smith responded to Plaintiff's request and gave "vague and frivolous information." *Id.* Defendant Smith then advised Plaintiff he could "reapply for an international treaty transfer in three years from date of said denial." *Id.*, at 10-11.

Plaintiff's amended complaint alleges that equal protection and due process claims. Doc. 7, p. 11. Plaintiff seeks a declaration establishing his "right to be informed of the content and governance of a treaty transfer by agents of the State of Florida, and to be informed in writing of all actions taken in the consideration of a treaty transfer request; including a denial." *Id.* Plaintiff seeks an injunction that will enforce the declaration sought herein, and "prays for the settlement of all court costs and fees incurred in the prosecution of this matter." *Id.*

Plaintiff was previously advised that his request for relief was not appropriately brought because it was "not a request for judicial remedy." Doc. 6, p. 2. Plaintiff does not seek a declaration of his rights. Instead he seeks a "declaration" that, in reality, provides him with information concerning the relevant factors that are considered in granting or denying an international transfer request. Doc. 7 p. 11. Plaintiff has not pointed to provisions of federal law that have been violated. Plaintiff has not shown that the statute governing the transfer of sentenced prisoners requires any action that was not taken. Plaintiff asks this court to require that he be provided with information regarding his request for a transfer. That would not be a judicial determination of legal rights. It is a request for assistance in the process of obtaining a transfer. Plaintiff's request must be denied.

Plaintiff was previously advised that this equal protection claim was insufficient because he alleges no facts to show that he has been treated differently than any other group of persons, or that he has been discriminated against by Defendants. Doc. 6. Plaintiff still has not alleged any facts to show an equal protection claim. Plaintiff has not alleged how he has been treated differently from other, similarly situated persons. The equal protection claim, therefore, should be dismissed.

The due process claim likewise should be dismissed. Scalise v. Thornburgh, 891 F.2d 640, 649 (7th Cir. 1989) (concluding that 18 U.S.C. § 4102(4) does not create a due process liberty interest for prisoners seeking international prison transfers), *cert. denied*, 494 U.S. 1083 (1990); Bagguley v. Bush, 953 F.2d 660, 662 (D.C. Cir. 1991), *cert. denied*, 503 U.S. 995 (1992) (same).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 17, 2008.

       s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.